IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| THOMAS CHESTER RAY, JR.,  )<br>     )<br>     Plaintiff,   )<br>     )<br>     v.   )<br>     )<br>CHILTON COUNTY, et al.,   )<br>     )<br>     Defendants.  ) | CIVIL ACTION NO.<br>2:24cv623-MHT<br>(WO) |

## OPINION

On October 8, 2024, the court entered an order requiring plaintiff to submit an inmate account statement by October 22, 2024. *See* Order (Doc. 3). When that order was returned by the United States Postal Service as undeliverable, the court ordered him to file a current address or show cause why this case should not be dismissed for his failure to prosecute this action adequately, but he again failed to comply with the court's orders. *See* Returned Mail (Doc. 4); Order to Show Cause (Doc. 5).

Because of plaintiff's failure to prosecute this case and comply with the court's orders, the

undersigned concludes this case should be dismissed without prejudice. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (stating that dismissal for failure to obey a court order is generally not an abuse of discretion where litigant has been forewarned). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630-31; *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that "[t]he district court possesses the inherent power to police its docket."). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Mingo*, 864 F.2d at 102.

**Accordingly, this case will be dismissed without prejudice for failure to prosecute.**

**DONE, this the 18th day of February, 2025.**

                                            /s/ Myron H. Thompson
                                     **UNITED STATES DISTRICT JUDGE**